UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.D. FULLER,

                Petitioner,

                                                                         Case No. 08-12684
v.                                                                 Honorable David M. Lawson

BLAINE LAFLER,

                Respondent.
_____/

**ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY**

      Petitioner J.D. Fuller, presently confined at the Michigan Department of Corrections's Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 convictions of seven counts of first-degree criminal sexual conduct (CSC I) and two counts of second-degree criminal sexual conduct (CSC II), involving his granddaughters, who were age ten and six at the time of the incidents. He offered several reasons, including prosecutorial misconduct, insufficient evidence, improper admission of "other acts" evidence, ineffective assistance of trial and appellate counsel, and improper sentencing, as to why his convictions and sentences are unconstitutional. But his main contention was that his Sixth Amendment right to confront his accuser was abridged because he was not allowed to cross-examine his older granddaughter about her other sexual experiences to show where she might have acquired knowledge of the graphic sexual acts committed by the petitioner that she described in her testimony. The Court found that the petitioner's claims lacked merit and denied his petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Although the Court believes it correctly rejected the petitioner's Confrontation Clause claim, a reasonable jurist could conclude otherwise. Therefore, the Court will grant the petitioner a certificate of appealability on this claim. However, the Court will deny the certificate of appealability on the seven remaining claims. The Court finds that reasonable jurists could not debate these issues, and that the Court properly rejected these claims.

Accordingly, it is **ORDERED** that the petitioner is granted a certificate of appealability with respect to his Confrontation Clause claim only.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 12, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 12, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---